LEWIS S. GOEBEL et al., as Executors, etc., Appellants, *v.* CAROLINE WOLF, Respondent, and MARY FROELICH et al., Appellants.

The will of T. gave his residuary estate to trustees in trust, to pay one-half of the net profits and income of the real estate to the testator's wife, for the support and maintenance of herself and the testator's minor children, and to apply the other half in payment of mortgages upon the real estate, and after such payment to invest the residue for the benefit of his children. The trustees were authorized to take charge of the testator's store, stock in trade, etc., to continue the business until the youngest child should arrive of age, and invest the net proceeds; also to sell the personal estate, convert it into money and invest the same for the benefit of his children. Then, after providing for an advancement to each of his children when they respectively arrive of age or marry, the clause continued thus: " Immediately upon the arrival of my youngest child at the age of twenty-one years, in case my said wife shall not then be living, to divide all my estate, real and personal, and the accumulations of interest equally among my children, share and share alike, after deducting all advances made as above provided to any of my children, so that each of my children shall have and receive an equal share of my estate." In an action to obtain a judicial construction of the will, it appeared that one of four infant children living at the time of the testator's death had since died under age and without issue. *Held*, that the gift was not to the children as a class, but each took a vested remainder in one-fourth of the residuary estate dependent upon the termination of the trust, and that the share of the one who died, with the accumulations of income therefrom, descended to his heirs or next of kin, according to the nature of the property; also, that such descendants were entitled to any income that may hereafter accrue during the trust period.

The general rule that when a testamentary gift is found only in a direction to divide at a future time, the gift is future and contingent, and not vested, is subordinate to the primary canon of construction, that the construction shall follow the intent to be collected from the whole will.

(Argued March 28, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1888, which affirmed a judgment, entered upon a decision of the court on trial at Special Term.

This was an action for the construction of the will of

Andrew Froelich, who died leaving a widow and four minor children, one of whom has since died, surviving him.

The questions arose as to the residuary clause of the will, which is as follows:.

" *Third.* I give, devise and bequeath all the rest, residue and remainder of my property, real and personal and mixed, of what nature and kind soever, and whatever the same may be at the time of my death, to my friend Lewis S. Goebel and to my brother Phillip Froelich. In trust, nevertheless, to take charge of my real estate, collect the rents and income thereof, and out of the same pay all taxes, assessments, water rates, insurance premiums and all moneys necessary to keep the buildings upon the said real estate in good repair and condition. And upon the further trust to pay over one-half of the net rents and income of my said real estate to my wife, Caroline Froelich, quarter yearly, for the support and maintenance of herself and my minor children, and in lieu of dower. And upon the further trust to apply the remaining one-half of said net rents and income to the payment of any mortgage or mortgages that may be liens upon said real estate. And upon the further trust, after the payment of all mortgages upon said real estate, to invest the said one-half of said net rents and income upon bond and mortgage upon unincumbered real estate in the city of New York or Brooklyn, for the benefit of my children. And upon the further trust to take charge of my store, fixtures and stove trimming business in the city of New York, city of Newark, New Jersey, and foundry in the city of Brooklyn, together with all the stock of goods on hand, materials, fixtures, machinery, patterns, tools, implements and appurtenances; also, all book accounts, outstanding claims, and, in short, everything connected with my said business. And upon the further trust, to continue the said business and carry on the same, and to continue to carry on the same until my youngest child shall arrive at the age of twenty-one years, or so long as the net profits of said business shall yield ten per cent upon an investment of fifty thousand dollars. And upon the further trust

to sell and discontinue said business whenever my said executors and trustees shall deem it for the best interest of my said estate so to do.   And upon the further trust, to retain out of the net profits of said business the sum of ten per cent of such net profits as compensation to my said executors and trustees for their services in the management of the said business, said sum of ten per cent to be in addition to the lawful commission allowed them as executors and trustees.   And upon the further trust to invest the net profits and income from said business after deducting the said ten per cent compensation to said executors and trustees, upon bond and mortgage upon unincumbered real estate in the city of New York or Brooklyn, or to deposit the same in some savings bank or banks of good standing in the city of New York or Brooklyn for the benefit of my children.

"And upon the further trust to convert all my personal property, not above mentioned, into money, and to invest the same for the benefit of my said children in the same manner as my other moneys are to be invested as above provided.

"And upon the further trust to pay and advance to each of my children as they respectively arrive at the age of twenty-one years, or as they respectively marry, the sum of three thousand dollars.

"And upon the further trust, immediately upon the arrival of my youngest child at the age of twenty-one years, in case my said wife shall not then be living, to divide all my estate, real and personal, and the accumulations of interest, equally among my children, share and share alike, after deducting all advances made, as above provided, to any of my children, so that each of my children shall have and receive an equal share of my estate.   Should my said wife be living at the time my youngest child arrives at the age of twenty-one years, then it is my will and pleasure that no division of my estate shall be made until after the death of my said wife."

*Josiah T. Marean* for appellants.   There is no gift of the remainder in the *corpus* of the real estate or in the *corpus* of

the business, after the termination of the trust, except by the direction to divide at a future age of the youngest child. That gift did not, therefore, vest at the testator's death. It is a gift to a class and vested in each child as a member of the class only at his majority. Those children who die under twenty-one take no interest which will devolve upon their heirs or personal representatives. (*Lloyd* v. *Lloyd*, 3 K. & J. 20; *In re Grimshaw*, 11 Ch. D. 406; *Knight* v. *Knight*, 2 S. & St. 490; 2 Jarman [5th Am. ed.] 457; *Leake* v. *Robinson*, 2 Mer. 363; *Leaming* v. *Sherratt*, 2 Hare, 14, 23, 24; *Ford* v. *Rawlins*, 1 S. & St. 328; *Shipman* v. *Rollins*, 98 N. Y. 327; *Colton* v. *Fox*, 67 id. 348; *Smith* v. *Edwards*, 88 id. 103; *Hobson* v. *Hale*, 95 id. 613; *Teed* v. *Morton*, 60 id. 502; *Delany* v. *McCormick*, 88 id. 174.) There is nothing here which requires the court to depart from the settled rule of construction that a gift by a direction to pay or divide at a future age does not presently vest. (*Lloyd* v. *Lloyd*, 3 K. & J. 20; 2 Jarman [5th Am. ed.] 457, 463; *Leake* v. *Robinson*, 2 Mer. 363.) There is nothing in the disposition of the rents and income during the continuance of the trust to take the case out of the rule. ( *Warner* v. *Durant*, 76 N. Y. 135; 2 Jar. [5th Am. ed.] 461, 463, 465; *Lloyd* v. *Lloyd*, 3 K. & J. 20; *In re Grimshaw*, 11 L. R. Ch. D. 406; *Knight* v. *Knight*, 2 S. & St. 490; *Haxton* v. *Corse*, 2 Barb. 517; *Crooke* v. *County of Kings*, 97 N. Y. 421.) Where the gift is to children as a class by a direction to divide at the majority of the youngest, the gift will vest in each child, as a member of the class, at his own majority. If he dies of full age, though the youngest may be still in his minority, his representatives will be entitled to his share. (*Leeming* v. *Sherratt*, 2 Hare, 14, 23, 24; *Smith* v. *Edwards*, 88 N. Y. 106; *Ford* v. *Rawlins*, 1 S. & St. 328.) It is not necessary to support a direction for accumulation that the infant should have a vested future estate in the *corpus*, but only that the income should, as received, be received for the sole benefit of the infant, subject only to retention during his minority. (*Pray* v. *Hegeman*, 92 N. Y. 515, 516.) It is only where the power of alienation or ownership is suspended

that rents and income undisposed of go to the person presumptively entitled to the next eventual estate. (1 R. S. 774, § 2; id. 726, § 40.) The trust is valid as to one-half of the real estate only for the life of the widow, since at her death the purposes of the trust will have been accomplished. (*Byne v. Blackburn*, 26 Beav. 41.)

*Isaac Lawson* for respondent. The interest of testator's children vested at his death. An estate is vested when there is an immediate right of personal enjoyment, or a present right of future enjoyment. (*Sheridan* v. *House*, 4 Keyes, 569; *Moore* v *Lyons*, 25 Wend. 144.) In the construction of wills the intention of the testator, to be derived from the will itself, is the governing principle, and technical rules will only be resorted to when the language of the instrument leaves such intention in doubt. (*Shipman* v. *Rollins*, 98 N. Y. 311; *Smith* v. *Edwards*, 88 id. 105; *Delafield* v. *Shipman*, 103 id. 463–468; *Scott* v. *Guernsey*, 48 id. 106; *Stephenson* v. *Lesley*, 70 id. 512.) Under the devise to the executors they took an estate commensurate with the trusts created, no more. (*Stephenson* v. *Lesley*, 70 N. Y. 512.) The residue vested in the children of the testator at his death, and it was alienable, devisable and descendable. (*Rathbone* v. *Hooney*, 58 N. Y. 463.) The devise to the executors to divide was void as a trust. At most it was a power, and the lands descended to the heirs of the testator subject to the execution of the power. (*Konvalinka* v. *Schlegel*, 104 N. Y. 130; *Radley* v. *Kuhn*, 97 id. 26–35.) An attempt by a testator to devise his lands upon an unauthorized trust does not intercept the passing of the legal title to his heirs or ultimate devisees or beneficiaries. (*Cooke* v. *Platt*, 98 N. Y. 35.) The remainder will vest upon the decease of the testator, and the right become absolute upon the termination of the intervening estate, by the death of the devisee during minority. (2 Redf. on Wills [3d ed.] 220, 227, 233; *Everitt* v. *Everitt*, 29 N. Y. 39, 75; *Manice* v. *Manice*, 43 id. 303, 380.) The direction for the accumula-

tion of income must be for the benefit of a minor solely and during his minority, and when the period of accumulation ceases the accumulated funds shall be released from further restraint and paid over to the person for whom the accumulation is directed. (*Pray* v. *Hegeman*, 92 N. Y. 508.)

ANDREWS, J. No exception was taken to the finding that, by the will in question, a valid trust was created in the executors, as trustees, in all the real estate of the testator during the life of the widow and the minority of his youngest child. The validity of the trust to carry on the business, and in the personalty connected therewith, is conceded. We shall, therefore, assume, without examination, that the trusts in the will in their main aspects were legally constituted.

The counsel for the appellant does, indeed, present the point that the trust as to the one-half of the real estate will terminate in the event of the death of the widow during the minority of the youngest child, but that event has not happened and may never happen, and the consideration of the question may properly be postponed until the exigency arises which will render its determination necessary.

The practical question in the case grows out of the fact that one of the four infant children of the testator, living at his death, has since died under age, without issue, during the trust term, and the point is whether, by the true construction of the will, the children of the testator took, upon his death, a vested remainder in his real estate, dependent upon the termination of the trust, and, also, in the personal property embraced therein, or whether the remainder given by the will to the testator's children was contingent upon their surviving the term upon which the trusts were limited, and carries the whole estate to such of the four children, and those only, who outlive the prescribed period. On one construction of the will each child took on the testator's death a future vested estate in the undivided one-fourth part of the father's property, descendible on the death of any child to his heirs or next of kin, although he may have died during minority and during the trust period. On the

other construction the gift of the father's estate was to such children only as survived the trust term, so that if one died, intermediate the death of the testator and the termination of the trust, the survivors would take the whole, or if three died the entire estate would vest in the sole survivor, and this, although the deceased child or children might have married and left issue surviving at their death, who also survived the period of division.

Two leading purposes of the testator in creating the trusts in his will are plainly indicated on the face of the instrument. The first was to provide an income for the support of his wife and of his children during their minority. To accomplish this purpose he provided that one-half of the rents and income of his estate should be paid by the trustees to his wife in quarter-yearly payments "for the support and maintenance of herself and my minor children." The second purpose was to postpone the division of his estate among his children until the termination of the trust term, and meanwhile to accumulate the income not given to his wife, and at the expiration of that period to divide the *corpus* with the accumulations between his children. But the learned counsel for the appellant contends that the final gift to the children is so framed that only children living at the time of the division are to participate therein, or, in other words, that the gift is future and contingent and to the children as a class, so that, in accordance with the general rule of construction in such cases, only such persons of the class as are in existence when the contingency happens, upon which the remainder is limited, are comprehended. (*Doe* v. *Stewart*, 13 East, 526; 1 Jarman on Wills [5th ed.] 341.)

The clause upon which the appellant relies to sustain the construction that the gift was to the children as a class, and was intended for such children only as should be living at the termination of the trust, is as follows: "And upon the further trust immediately upon the arrival of my youngest child at the age of twenty-one years, in case my wife shall not then be living, to divide all my estate, real and personal, and the

accumulations of interest, equally among my children, share and share alike, after deducting all advances made, as above provided, to any of my children, so that each of my children shall have and receive an equal share of my estate. Should my wife be living at the time my youngest child arrives at the age of twenty-one years, then it is my will and pleasure that no division of my estate shall be made until after the death of my said wife."

When a devise is made or a legacy given, of which the enjoyment is postponed, "the leading inquiry upon which the question of vesting or not vesting, is, whether the gift is immediate, and the time of payment or enjoyment only postponed, or is future or contingent, depending upon the beneficiary arriving at age, or surviving some other person, or the like." (DENIO, J., *Everitt* v. *Everitt*, 29 N. Y. 67.) In harmony with this general rule, another general proposition has been formulated, that where the only gift is found in a direction to divide at a future time, the gift is future, and not immediate; contingent, and not vested. (*Leake* v. *Robinson*, 2 Mer. 363; *Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 id. 92.) The latter principle is invoked in this case. There is in the will no gift in terms to the children of the testator, except in the clause of the will above quoted, providing for a division of his estate among his children on the termination of the trust. But the rule invoked, as others of like charater, is subordinate to the primary canon of construction, that the construction shall follow the intent, to be collected from the whole will; and that the intention of the testator, so ascertained, must prevail; and that general rules, adopted by the courts in aid of the interpretation of wills, must give way when on a consideration of the scheme of the will, or of special clauses or provisions, their application in the particular case would defeat the intention. This was recognized by Sir WILLIAM GRANT in the case cited from Merivale's reports, who, after stating the general rule that where, in a will, there is no gift, except in a direction to divide at a future time, the gift is contingent, and not vested,

adds the qualification, "unless from particular circumstances you are able to collect a contrary intention." Many important exceptions have been engrafted on the rule by the adjudged cases, which are stated in the elementary treatises, and some of which are specially considered in *Smith* v. *Edwards* (*supra*).

In the present will there is, as we have said, no immediate gift, in terms, of the remainder to the children of the testator living at his death. The question, therefore, is whether, upon the whole will, such an intention can be collected. We think that, taking the whole will together, it was the intention of the testator to vest his estate at his death in his then living children, subject to the trust estate in his executors. There is nothing on the face of the will to indicate that the testator contemplated the death of any of his children during minority, or that any of them might not take the equal one-fourth share of his estate on the final division. The gift of the ultimate estate is not, in terms, to his children *living* at the time of the division, or to the *survivors* of his children, but the division is directed to be made "among my children, share and share alike." Words of survivorship were not necessary if the gift, by construction of law, was to the children who should be living at the time of division. But it would have been very natural that words of survivorship should have been. inserted to emphasize his intention if the testator had intended that only children surviving at that time should be entitled to his estate. The division was to be made "immediately upon the arrival of my youngest child at the age of twenty-one years," etc. This language, in connection with the other provisions of the third or trust clause of the will, is most consistent with the construction that the time was fixed to define the period of enjoyment of his estate by his children, rather than the period of the vesting of the shares. There was a manifest propriety in postponing the enjoyment by the ultimate beneficiaries of one-half of the real estate to accomplish the testator's purpose to provide an income for the support and maintenance of the widow and minor children. There was also a good reason for postponing the enjoyment of the other half for

the purpose of paying meanwhile the mortgages and incumbrances out of the income, which the testator directed should be done. The income, after this purpose had been accomplished, the testator directed should be invested for the "benefit of my children." A similar direction was given in respect to the net profits of the business, which he authorized the trustees to carry on after his death. They were to be invested for the "benefit of my children." There is nowhere in the will any suggestion that the testator had in view any particular children or surviving children, or children other than the whole number in any clause or provision of the will. But what is quite significant on the point whether the testator intended a vested gift of a future estate to his children living at his death, is the fact that the personal property, not connected with his business, he gave to his children in terms which are conceded to have passed an immediate, absolute title in possession on the testator's death. But the gift was accompanied by a direction to his trustees "to invest the same for the benefit of my *said* children," using the same language to designate the beneficiaries as in the prior cases. But more significant still of the intention of the testator is a provision directing the trustees to "pay and advance to each of my children as they respectively arrive at the age of twenty-one years, *or* as they respectively marry, the sum of three thousand dollars," and later on, in the clause relating to the division, the testator directs that the division of the *corpus* and the accumulations shall be made "equally among my children, share and share alike, after deducting all advances made as above provided, to any of my children, so that each child may have and receive an equal share of my estate." It thus appears that the testator had in contemplation the possible marriage of one or more of his children during minority, and, of course, possible issue, and next that he treated the shares of his children as separable and distinct, and any advance which might be made, under the will, to a married minor child as a charge on his or her share, to be accounted for in the subsequent division. The purpose of the charge, "so that each of my children shall have and

receive an equal share of my estate," implies ownership of the share against which the advance is to be charged. In *Everitt* v. *Everitt* (*supra*), the circumstance that advancements were authorized to be made to children before the period fixed for the division was considered as indicating an intent that the shares should be vested on the death of the testator. On the whole, we are of the opinion that the intention of the testator, as derived from a consideration of the whole will, was to vest in each child living at his death an equal share of his estate, subject to the trust during the specified time, and that no settled rule of construction forbids giving effect to such intention. The circumstances collectively point to this construction. The constitution of the trust was convenient to accomplish intermediate purposes between the testator's death and the final division, viz., the securing of support and maintenance to his wife and minor children; the payment of mortgages and incumbrances; the carrying on of the business for the benefit of the estate; the accumulation of surplus income during the minority of the children. This construction also prevents the disinheritance of issue of any child who may marry and die before the expiration of the trust period, a consequence which no one can doubt the testator never intended. The four children were in the testator's mind when he made the will, and in all the dispositions and provisions, the children, "my children," were the objects, selecting none and excluding none, and in the provision for advances the share of each was treated as vested and subject to charge.

The provision for accumulation became inoperative as to the share of the deceased minor child upon his death. An accumulation is only permitted for the benefit of living objects. (*Bryan* v. *Knickerbacker*, 1 Barb. Ch. 409.) We think the consequence of such death was to devolve the title to the one-fourth part of the estate in remainder upon the heirs-at-law and next of kin of the deceased child, according to the nature of the property, subject to the trust, and that they are likewise entitled to a like proportionate share of any income

accumulated to the time of the death, and to such as shall hereafter accrue during the trust period.

These views lead to an affirmance of the judgment.

All concur.

Judgment affirmed.