### MARSON v. PURDY et al.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

WILL—CONSTRUCTION—VESTED INTEREST.·

Where land is devised to executors in trust, to divide it into as many shares as testator has children, and to apply the income of each share to the use of each child during minority and during the widowhood of testator's wife, a subsequent devise of each share to each child "upon the death or remarriage of my

wife," and on the child's attaining majority, will vest only on the happening of the conditions mentioned; and the share of a daughter dying during the life-time of testator's widow, unmarried, cannot be devised by her.

Appeal from special term, New York county.

Partition suit by Emma A. Marson, individually, and as executrix of William Hovey, deceased, against Charles A. Purdy and others. Plaintiff appeals from a judgment dismissing the complaint.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Chas. H. Luscombe,* for appellant.   *John E. Parsons* and *H. B. Classen,* for respondents.

DANIELS, J.   The plaintiff brought this action to partition a parcel of real estate described in the complaint, and owned, at the time of his death, by Augustus Purdy.   The title of the plaintiff as a tenant in common in partition depended upon the construction to be given to his will, which was executed on the 16th of December, 1864.   The estate claimed by the plaintiff in the land depended upon the point whether the testator's daughter, Florence G., became vested with the title to any part of this real estate during her life.   She died without issue on the 14th of January, 1884, and had then attained the age of 27 years.   Two other children of the testator were previously deceased, under whom it was claimed that this daughter had inherited portions of shares in the real estate ultimately designed for them, and described in the complaint.   Prior to her decease she made and executed a will, which was afterwards proved before the surrogate, devising and bequeathing her property to her husband, and he afterwards died, leaving a will devising and bequeathing his estate to the plaintiff in this action.   The title of the testator's daughter Florence, as well as of the two children who died before her, and in their infancy, is claimed by the plaintiff to have become vested under the language of the will previous to her decease; and, if that position is capable of being maintained, then the plaintiff in this action acquired such an interest in the land in controversy as entitled her to maintain an action in partition, provided the defendants were not holding the land adversely to her. By this will the testator in the first instance directed the payment of his debts and funeral expenses, and then he bequeathed to his wife certain articles of personal property in lieu of her dower or other interest in his estate.   This was followed by a devise of all his real estate to his executors, and the survivor and successors of such survivor, "in as many equal shares as shall be the number of my surviving children, in trust as to each share for one such child to have, and upon the following trusts, that is to say, during the widowhood of my wife, to enter into the same, and to invest and keep invested the proceeds thereof, if sold, and to collect and receive the rents, income, and profits thereof, and, after payment of all taxes, assessments, insurances, repairs, and other charges and expenses, to apply the same, during the widowhood of my wife, to the use of such child, or, should such child die during the widowhood of my wife, to the use of the descendants of such child, if any, and if none, to the use of my wife.   And in further trust, should my wife die or remarry before such child shall reach the age of twenty-one years, until such child shall reach that age or die, if he or she shall die before attaining that age, to apply the same to the use of such child. Upon the death or remarriage of my wife, whichever shall first happen, if such child shall then have reached the age of twenty-one years, I give, devise, and bequeath such share to such child.   [Aug. Purdy.]   If such child shall not then have reached the age of twenty-one years, I give, devise, and bequeath such share to such child, on his or her reaching that age.   If such child shall then have died, I give, devise, and bequeath such share to and among those who would have inherited the same from such child, if dying seised thereof, in the share in which they would have inherited the same.   And

if such child shall die after the death or remarriage of my wife, but before reaching the age of twenty-one years, upon the death of such child I give, devise, and bequeath such share to and among those who would have inherited the same from such child, if dying seised thereof, in the share in which they would have inherited the same." By this devise, and the directions following it contained in this part of the will, a valid trust was created in the executors and their successors, and this was to be continued during the widowhood of his wife, and until the child for whom the share in trust was respectively created should attain the age of 21 years, or, if the child should die before attaining that age, to apply the same then, only, to the use of such child. As to these directions no controversy has arisen between these parties, and, while the trust should continue in this manner, the estate, by virtue of the devise as well as the provisions of the statute of this state relating to it, vested in the executors, the survivor and successors of them. The right of the testator's deceased daughter Florence, claimed to have been acquired by the plaintiff in the manner already stated, depended upon the residue of this paragraph of the will. At the time of her decease the widow was still living and unmarried, and it was upon the decease or remarriage of his widow, whichever event would first happen, that the share previously devised in trust for the benefit of each of the testator's children was to become vested, and only then in case the child had reached the age of 21 years. There was no preceding devise to either of the testator's children in this real estate, and the devise which the testator in this manner made was first to take effect upon the death or marriage of his widow, and in the event, also, of the child to be benefited by it attaining the age of 21 years. It was upon the happening of these events alone that the testator devised any interest whatever in the land to either of his children. This is the clear effect of the language employed by him in this part of the will, and there is no reason disclosed for believing that it was not intelligently and understandingly used. That this was his purpose and design is further disclosed by the additional direction that if, at the time of the decease or marriage of the widow, the child to be benefited had not attained the age of 21 years, then the devise was made further dependent upon the subsequent occurrence of that event. And if the child to be benefited should be deceased at the time of the death or marriage of the widow, then the devise was to those who would have inherited the share from such child if dying seised thereof, in the share in which he or she would have inherited the same. And if the child should die before reaching the age of 21 years, and subsequent to the decease or marriage of the widow, then the share of the child so dying was given to the persons who would inherit the same from that child, if the child had died seised of the same, in the share they would have so inherited.

The directions are all expressed with unusual clearness, and evince the intention of the testator to have been that no interest in this real estate should be given to either of his children prior to the decease or marriage of the widow, and the attainment of the child who should take of the age of 21 years. The devise was in all respects future according to the directions which the testator gave concerning it. It was not a gift to take effect at his own decease, subject to the postponement of the right of enjoyment in possession, but it was a devise only to go into effect upon the occurrence of the events mentioned in this part of the will; and where that is the nature of the direction given, there no interest or title will vest in the devisee until the happening or the occurrence of the event on which the devise is made dependent. Upon this subject the rule has been repeatedly stated, and it is that "where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives." *Shipman* v. *Rollins*, 98 N. Y. 311, 327, 328. And that was the nature of the devise intended by the testator for the benefit of his daughter

Florence, as well as for each one of his other children. The fact that he gave the share designed for each child to such child at the time when the division was directed to be made of his real estate will not prevent the application of this rule to the case; for the directions were such as to first vest the devise at the time when it was contemplated and directed that a division should be made, and there is no other portion of the will containing any direction qualifying or changing those made a part of this paragraph as to the vesting or division of the testator's real estate. He did, by the fifth paragraph of the will, add other and different directions for the rest, residue, and remainder of his estate, which consists of personal property. But no direction contained in this part of the will has added anything whatever to those previously given for the disposition of the real estate. By the directions relating to the rest and residue of the estate, further trusts were created, to collect and receive the rents, income, issues, and profits thereof, and accumulate the same until the child to be benefited should reach the age of 18 years, and thereafter the income, issues, and profits were directed to be applied to the use of such child until he or she reached the age of 25 years, and then the share with all its accumulations was to be paid over. But even for this part of the testator's property it was further directed that, in case the child should die before attaining the age of 25 years, the share of said child should go equally to his or her child or children, if there were any, and if there were none then among his or her brothers and sisters. This part of the will certainly contained no intimation that the devise previously made of the testator's real estate should be in any manner accelerated, or made to take effect, or become vested, prior to the decease or marriage of his widow. The case in this respect differs from *Goebel* v. *Wolf*, 113 N. Y. 405, 21 N. E. Rep. 388; for there the will considered by the court was held to support the conclusion that the estate devised was intended to become vested prior to the time fixed when the devisee should take possession. But no language was employed in this will from which such a direction or intention could be inferred. But the case is within the general principle already mentioned, and also sanctioned by this authority, that, "where the only gift is found in a direction to divide at a future time, the gift is future and not immediately contingent, and not vested." 113 N. Y. 412, 21 N. E. Rep. 389. And the application of this principle to the construction of this will is further warranted by what was held to be the law in *Smith* v. *Edwards*, 88 N. Y. 92, and there is no repugnancy whatsoever between the devise and the other directions afterwards contained in this part of the will. *Wager* v. *Wager*, 96 N. Y. 164.

Authorities have been referred to in support of the appeal, which are relied upon as favoring the vesting of the title to the real estate in remainder upon the decease of the testator; but the facts upon which those cases were decided differ so far from the nature and language of this will as to render them of no force whatever in the disposition of this appeal. The case must be determined by the principle which has already been mentioned and supported by the authorities approving and maintaining it, and under that principle, as well as the clear language used by the testator, it should be held that he intended no interest in his real estate should vest in either of the children prior to the decease of his wife or her subsequent marriage. At the time when his daughter Florence died his widow was still living and unmarried, and the consequence is that this daughter was not vested with any title to his real estate, and had no interest which she could devise to her husband by virtue of her will, or which he could devise to the plaintiff in this action. Whether the premises were held adversely it is not necessary to consider; for as long as the plaintiff has no title to the real estate she is incapable of maintaining this action, and the judgment should be affirmed with costs. All concur.