MARIETTA L. LANE, as Executrix, etc., of RICHARD H. LANE, Respondent, v. MALVINA A. De METS, Appellant, Impleaded.

*Insurance.— life policy payable on a contingency — " surviving" means surviving the insured — when the children of the insured take as a class.*

A life insurance company, by its policy, promised to pay the amount mentioned therein to the wife of the insured "for her sole use, if living, in conformity with the statute, and if not living, to the children of said person whose life is hereby insured, or their guardian, for their use ; or if there be no such children surviving, then to the executors, administrators or assigns of said person whose life is hereby insured." When the policy was issued the insured had a wife and two children. His wife and one child died before him, the latter leaving children.

In an action brought to obtain a construction of the above clause:

*Held*, that, in so far as concerned the rights of the wife, the phrase "if living" meant if living at the time of the death of the insured ; and she having died before him her representatives had no interest in the policy.

That the further stipulation relative to his children, considered in connection with the clause "or if there be no children surviving," was intended as a provision for such of them, and only such, as should survive him; that the moneys were payable to them as a class, and those of the class who were in being when the policies became payable would take the entire amount.

That if no children of the insured had survived him, under said clause his grandchildren would not have taken as against his executors.

APPEAL by the defendant, Malvina A. De Mets, from a judgment, entered in the office of the clerk of the county of New York on the 20th day of October, 1890, adjudging that the plaintiff became entitled to a one-half interest in a certain policy of life insurance, and directing the New York Security and Trust Company to pay to said plaintiff the sum deposited with it to the credit of this action ; and also from a judgment, entered in said clerk's office on the 22d day of October, 1890, for costs, allowance and interest in favor of plaintiff and against the said defendant.

At the time the policies were written the family of the insured consisted of the following named persons : His wife, Elvina A. Lane ; a son, Richard H. Lane ; a daughter, Malvina A. De Mets.

The wife died April 18, 1886. The son, Richard H. Lane, died July 1, 1886, leaving a widow and two children, and an after-born child, also, who survived the insured.

The son did not die intestate, but left a last will and testament whereof the plaintiff is sole executrix. The insured died July 1, 1889, leaving him surviving, as heirs-at-law and next of kin, a daughter, Malvina A. De Mets, defendant in this action, and three grandchildren, the issue of Richard H. Lane, the son of the insured.

All the material facts set forth in the complaint were substantially admitted by the answer; and the only question for the court to determine was, whether or not the view of the apportionment of the moneys payable under the policies, entertained by the insurance company, be correct in law. The insurance company, upon the proofs of death, determined and stood ready to pay the amount due upon the two policies in equal proportions to the daughter, Mrs. De Mets, and to the executrix of the last will and testament of the son.

The words of contract embodied in the policies and submitted to the court for equitable construction are as follows: "And the said company doth hereby promise and agree to pay the amount of the said insurance, at its office, in the city of New York, to the assured under this policy, to wit: Elvina A., wife of Maltby G. Lane, for her sole use, if living, in conformity with the statute, and if not living, to the children of said person whose life is hereby insured, or their guardian for their use; or if there be no such children surviving, then to the executors, administrators or assigns of said person whose life is hereby insured, in sixty days after due notice and satisfactory proof of the death, during the continuance of this policy of the said person whose life is hereby insured as above, deducting therefrom all indebtedness to the company."

*Coles Morris*, for the appellant.

*G. S. Hastings*, for the respondent.

BRADY, J. :

It is claimed that the appellant, Malvina A. De Mets, having survived her father, Maltby G. Lane, as well as her mother, became entitled at his death to the whole of the moneys under the policies in question. It is not doubted that Elvina A., the wife of the insured and mother of the defendant, did not take a vested interest in these moneys, her right to them depending upon the contingency of her

survival of her husband. It is apparent from the provision in the policies that such money was to be paid to her if living, which meant living at the time of the death of the insured, at which time the policies matured, and not before. According to the terms of the policies, if the wife of the insured was not living at the time of his death, the amount of the insurance was to be paid to the children of the insured or their guardian for their use. And if there were no such children surviving, then it was to be paid to the executors, administrators or assigns of the insured, *i. e.*, to the executors, administrators or assigns of Maltby G. Lane. From this phraseology the conclusion seems to be inevitable, that the children of the insured had not, nor had either of them, a vested interest during the life of the insured, it being expressly provided by the policies that, if there should not be any surviving children of his, the insurance money should go to his executors, administrators or assigns. It was a provision that was exclusively for the children of the insured who should survive him, and not for his grandchildren, a result conclusively indicated by the declaration, that in case there were no surviving children it should be paid to the representatives of his estate or assigns, and the absence of any provision for the payment of it, or any part of it, to the personal representatives of a deceased child. It is contended, on the part of the appellant, that, by the well-settled principles of construction in analogous cases, these insurance moneys, if they became payable to the children of the insured, would be payable to them as a class, and those of the class would take it who were in being when the policies became payable. This proposition would necessarily include after-born children of the insured of his second wife, if there had been any, as participants of the fund. In a case in which a legacy of £2,000, in equal shares, was given to the children of a deceased sister of the testator, of whom there were three at the date of the will, but one of whom had died in his lifetime, it was held that the two survivors were entitled to the whole sum. ( *Viner* v. *Francis*, 2 Brown's Chancery Cases, m. p. 658 ; see, also, *Doe* v. *Sheffield*, 13 East, 526.)

This rule is recognized and approved by the Court of Appeals in *United States Trust Company* v. *Mutual Benefit Life Insurance Company* (115 N. Y., 152) and in *Downing* v. *Marshall* (23 id., 374). Independently, however, of this rule, a proper construction of the

language employed in the policy which embraces the subject under consideration, removes all doubt that by the words "surviving children" the insured meant "his children only who should survive him." The construction contended for on behalf of the plaintiff, if the appellant had not survived the insured, would have made the moneys under consideration payable to her personal representatives, and not to those of the insured, as expressly provided for in the policies, in case there should be none of his children surviving. The adjudications, upon which the plaintiff depends are not applicable to the facts and circumstances of this case. In *Whitehead* v. *New York Life Insurance Company* (102 N. Y., 143), the policies were issued in consideration of a sum stated, paid by the wife of the insured, and the amount of the policy was to be paid to her or her personal representatives. In one of the policies it was specified, "that in case she died before the insured the insurance should vest in the heirs of the insured;" and in one of the other two policies, "in case of such death the insurance was to vest in his children." In the *United States Trust Company* v. *Mutual Benefit Life Insurance Company* (115 N. Y., 152), the policy was issued on the life of a husband for the sole use of his wife, in which it agreed to pay to her, or her executors, administrators or assigns, after the death of the husband, the sum insured, and in case she should die before him, that then the amount should, after his death, be payable to their children, or to their guardian if under age. It will have been observed, that, in neither of these cases, as very justly remarked by the learned counsel for the appellant, is there a contingent limitation to the personal representative of the husband, in case there should be no surviving children of his as in the case in hand, thus showing an absolute intention that the children should enjoy the amount of insurance, if they survived father and mother. And it will be perceived upon a perusal of the case in 115 New York, that the Court of Appeals expresses the opinion, that upon the death of the wife before her husband, the policy was payable to her children as a class and those of the class would take, and they only, who were in being at the time when the policy became payable; that is to say, the whole policy would be payable to the survivor of the class. It appears, therefore, to be an express authority for the proposition that

the appellant, being the surviving child of Maltby G. Lane at the time of his death, was entitled to the whole fund in question. These views are not antagonistic to the decision in the case of *Connecticut Life Insurance Company* v. *Palmer* (42 Conn., 60), in which it appeared that the wife insured the life of her husband for her sole and separate use and benefit, the sum insured, however, to be paid to the wife, if living, and if not, to their children, inasmuch as there was no contingent limitation to the personal representatives of the husband, in case there should be no surviving children at the time of his death. The intention of Maltby G. Lane, the insured, seems to have been, briefly stated, as follows: If my wife survives me, she is to have the whole of the sum insured, if not my children, if they survive me, shall have it. If they do not and neither of them survives me, it shall form a part of my estate to be distributed either as I shall direct by my last will and testament, or according to the laws of the State of New York. It is my design to provide for my wife and my children, and none others, through the instrumentality of these policies. For these reasons it is thought that the judgment appealed from was erroneous and should be reversed and a new trial ordered, with costs to appellant to abide event.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.