| 61 | 91 |
|---|---|
| 138a | 408 |

PATRICK E. WALSH, RESPONDENT, v. THE MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

*Life insurance policy payable to the wife, or if dead to the children — death of the wife before that of the assured — rights of the children who die before and those who survive their mother — promise to pay upon a contingency — decisions on legacies not applicable to such a case.*

A life insurance company issued a policy upon the life of a husband in favor of his wife, agreeing to pay the amount named therein to her "for her sole use, if living, in conformity with the statute, and if not living to her children or their guardian for their use." The wife died before the husband, and one of their three children died before the wife and left issue.

On the hearing of a demurrer interposed to the complaint, in an action brought for the enforcement of the policy:

*Held,* that the personal representatives of the child who died before the mother were entitled to share in the proceeds, and that the whole amount of the policy did not go to the children who survived the mother.

That if a construction were adopted that only the survivors took, and no child survived its mother, there would be no person to whom the insurance company would be legally bound to pay the loss.

That a promise to pay a sum of money to a person upon a contingency does not abate because the person dies before the contingency happens, but said sum then becomes payable to the representatives of said person.

That decisions upon questions relative to legacies were not in point.

*United States Trust Company* v. *Mutual Benefit Life Insurance Company* (115 N. Y., 152) distinguished.

APPEAL by the defendant, the Mutual Life Insurance Company of New York, from a judgment, entered in the office of the clerk of Albany county on the 27th day of February, 1891, in favor of the plaintiff for $279.84, after a trial of issues of law at the Albany Special Term, with notice of an intention to bring up for review upon such appeal an order and an interlocutory judgment, entered in said clerk's office on the 2d day of February, 1891.

*Julien T. Davies,* for the appellant.

*Franklin M. Danaher,* for the respondent.

LEARNED, P. J.:

The defendant issued, March 23, 1864, a policy on the life of Veis Traub in favor of Rica Traub, his wife, agreeing to pay the

amount to her "for her sole use if living, in conformity with the statute, and if not living, to her children, or their guardian for their use." There were three children of Veis Traub and Rica Traub, viz., Bessie Gross, Solomon Traub, Carrie Van Schaick.

Bessie Gross died intestate April, 1886, leaving surviving her husband and two children. Rica Traub died April, 1887. Solomon Traub died intestate June, 1887, leaving his widow Henrietta (now Heinzel) and two children; and Henrietta (now Heinzel) was appointed his administratrix. Veis Traub died intestate July 2, 1890. Carrie Van Schaick, his daughter, is living. Henrietta Heinzel, administratrix as aforesaid, and Carrie Van Schaick have assigned their claims to plaintiff.

One-third part of the amount payable on the policy has already been paid to Carrie Van Schaick, and one-third part to Henrietta Heinzel, administratrix. The plaintiff, as their assignee, now claims the remaining one-third.

The defendant admits on the argument that the two children of Bessie Gross, being grandchildren of Veis Traub and Rica Traub, are not owners of this third; but contends that either the executor of Bessie Gross, if she made a will, or the administrator, if she died intestate, takes this third as part of the estate of Bessie Gross, deceased.

The question arises on a demurrer to the complaint which states all the facts, and the defendant appeals from the judgment and order overruling the demurrer. It will be seen that the question is, under such a policy what is the interest, if any, of the personal representatives of a child who dies before the mother? Does that part of the proceeds of the policy which would have gone to the child if living, go to the representatives of such child; or do the proceeds go entirely to the children surviving the mother.

In *United States Trust Company* v. *Mutual Benefit Life Insurance Company* (115 N. Y., 152), a policy was construed which was closely similar in language to this one now in question. The court said that when the wife died before the husband, the only persons interested in the policy were her children then surviving, and the whole policy, as a *chose in action*, belonged to them. They held vested interests therein, as they could in any other *chose in action* payable at a future time. The court said, as the defendant

here admits, that the grandchildren could not take.    Now, it is to be noticed that while the court in that case speak of the policy, upon the death of the wife, as belonging to children then living, yet in that instance all the children were living at the death of the wife. There was, therefore, no special meaning in the words " *then* living." It was true in that case that on the death of the wife the interest passed to the children then living, because there were none who had died.    The attention of the court was not directed to the question whether or not the representatives of a deceased child, if any, would have an interest.

The present policy contains a condition in respect to the wife, that the money is to be paid to her, *if living.*    No such condition is contained therein in respect to the children.    It says that if she is not living, the money is to be paid to her children.    But it does not add, "if living."    It, therefore, is a promise to pay to them; on the sole condition that the wife is not living at the death of the father.    Suppose, then, that all the children had died before the wife, would it be said that there was no one to whom the money should be paid ?.    It has been decided, as above stated, that the money would not in that case, be payable to the grandchildren. But would it not belong to the estates of the children and thus beneficially, in many cases, come to the grandchildren ?    Or would it be necessary to hold, as must result from the plaintiff's position, that the insurance company must, in such a case, retain the money for want of a payee ?    The decision that no interest went to the grandchildren was on the very ground that the contract was with the children.    And the court expressly held that if made with the children alone, it went to their representatives

This is the case of a contract, not of a legacy.    The company for a good consideration agrees that when A dies it will pay a certain sum of money to B if living, and if B is not living, then that it will pay the money to C and D and E, designating them not by name, but as the children of B.    It is not disputed on either side that C, D and E take separate portions, and do not take jointly. What is there in such an agreement which makes the right of C, D or E dependent on their surviving B ?    A promise to pay a sum of money to a person on a certain contingency does not cease to be binding because the person dies before the contingency happens.

The debt on the happening of the contingency is payable to his representatives.

The case of *Whitehead* v. *New York Life Insurance Company* (102 N. Y., 143) was on a question as to the power of the husband to surrender policies of this kind. The matter of the respective rights of the wife and children was not before the court. But the court, in speaking of the policies, say: "They created a vested interest in the wife and *also one in the children* by force of the clause providing for payment to them if the wife should die before the maturity of the policy." Now, few things are more unsafe in legal discussions than to take up a sentence in an opinion and consider it as a decision without reference to other parts of the opinion. And we only quote that sentence because a previous sentence in the same opinion has been cited to show that the wife "had a vested interest in the policies," and, therefore, the children could have no interest. Again, that opinion says: "These policies, therefore, at the moment of their execution, *vested in the wife and children* as the assured." So that the opinion speaks as freely of the rights of the children as vested as it does of those of the wife. There is nothing, therefore, in the opinion and in the decision in that case which determines the respective rights of the wife and of the children. Both are called vested; and as to neither was it necessary to decide what they precisely were.

Some argument has been made from decisions in respect to legacies. But a legacy is a different thing from a contract, such as this policy is. A legacy is the mere gift of the testator. If ineffectual, or if lapsed, the testator's property goes to others entitled to take under rules of distribution. The whole question is one of dividing up the estate of the deceased.

But here we are to construe a contract. The claimants must take by virtue of the contract or not at all. And if, under any construction, there is no one to take, then the company keeps the money. The plaintiff insists that no one can take unless he be living at the death of Veis Traub. This construction, as above suggested, results in holding that, if Rica Traub and the three daughters should have all been dead at the death of Veis Traub, then the company would not be required to pay anyone. A construction which leads to this result is certainly incorrect.

It is true that in the opinion in *United States Trust Company* v. *Mutual Benefit Life Insurance Company* (*ut supra*) the court, after giving a construction to the policy, says : " If, however, we assume that we are wrong in this construction of the policy, then upon the death of Mrs. Finn the policy was payable to her children as a class," etc. We do not, however, feel at liberty to assume that the construction given by the court *was* wrong. Nor do we think that the court intended to assert that the policy was payable only to those children who survived Mrs. Finn. The remark was intended to show that, even if the plaintiff in that case should urge such a view, still " in no event could grandchildren be intended in that class." Such was the view taken of that decision by Mr. Justice PATTERSON in *Finn* v. *Mutual Benefit Life Insurance Company* (MSS., Nov., 1890).

We do not think that the court intended to say that even a legacy to a class *where there are no words of survivorship*, is always payable to those only who are living at the time of payment. Without discussing that question, we refer to 2 Jarman on Wills (m. p. 76) ; Thebold on Wills (383) ; *Everitt* v. *Everitt* (29 N. Y., at 75), where Judge DENIO says : " If futurity is annexed to the substance of the gift, the vesting is suspended ; but, if it appear to relate to the time of payment only, the legacy vests *instanter*." (See *Goebel* v. *Wolf*, 113 N. Y., 405.)

Now, even if we endeavor to apply that language of Judge DENIO to such a contract as the present, we shall see that futurity is not annexed to the substance of the contract, but relates to the time of payment only. The contract takes present effect, giving immediate rights to all the parties beneficially interested. As the court said in the Whitehead case : " They (*i. e.*, the wife and the children), had the right, if the husband failed to pay the premiums, to pay them themselves, and so continue the policy in force." If a child then had the right to pay the premiums, it had a present interest in the policy ; a vested interest, although payment was future and contingent.

The right of the wife to payment of the amount secured is quite as contingent as that of the children. She certainly gets nothing if she does not survive the husband. Yet the courts speak of her rights as vested before his death. And there is no harm in the word if it be properly understood. Certainly it is not inconsistent with a contingency as to payment. That is the case also as to the children.

The plaintiff cites the case of *Lane* v. *De Mets* (13 N. Y. Supp., 347; 59 Hun, 462). But in that case there was a clause that " if there be no such children surviving " the money should be paid to the personal representatives of the person whose life was insured. And the decision of the court was on this clause, holding that this indicated that the avails should go only to surviving children and should form a part of the estate of the person whose life was insured, in case neither wife nor children survived. No such clause is in the present policy and that case does not apply here. And from that case we may readily see that if the parties to this contract had desired to make the right of each child dependent on its surviving the father, they would have said in the policy " to her children then surviving " or would have used similar language.

In *Hull* v. *Hull* (62 How., 100), the Special Term held that if a child died before the mother, the children of that child would take under such a policy, in case the mother did not survive the father. Such seems to be the doctrine in Connecticut. (*Continental Life Insurance Company* v. *Palmer*, 42 Conn., 60.) Now, in the case of the *United States Trust Company* v. *Mutual Benefit Life Insurance Company* above cited, it was held that this was incorrect; and that as the grandchildren were not named in the policy their names could not be put in. But in that case the court explains that the insurance could be made to a child, " in which case, upon the death of the father, it would be payable to the personal representatives of the child, if dead." And it was also said in that case that on the death of the wife the policy might be construed and is payable precisely as if the children alone were mentioned therein. Therefore, we may now construe this policy as if the children alone were mentioned in it. Hence, as the court said, if this insurance were made to these children alone, it would be payable to their personal representatives, if they were dead. And if made to these three children, it cannot be held that the death of one before the father would deprive the representatives of that child of its share. To hold that would be to ignore the object of such insurance.

So, too, in that same case the court said that, if for the benefit of the wife alone, it would, if she died before the husband, be payable to her personal representatives. Thus we see that the court recognized the doctrine that the insurance was in all these cases payable

to the personal representatives of the parties to the policy if they died before the husband. Turning, then, to the *Whitehead Case,* we find it distinctly stated that in such a policy the children have a vested interest, and that they and the wife are the assured with whom the contract was made. It follows, then, that the rights which the assured acquired by the policy passed to their personal representatives, and the money would be payable to them unless by express language such payment depended on their surviving the party whose life is insured, and that contingency did not occur.

In *Anderson* v. *Goldsmidt* (103 N. Y., 617), it was held that under chapter 248, Laws of 1879, a wife, with the consent of her husband, might assign such a policy as the present. And the plaintiff argues that this shows that the interest of the children is merely contingent. But that decision was only a construction of the statute as it then existed. And the court remarked that the wife, in fact, survived the time when the policy matured, and, therefore, the contingency did not arise on which the money would be payable to the children. But the court recognized that the children would have had rights if the wife had not survived the time when the policy matured.

The case does not decide whether such rights belong to all the children, or to those only who survive the father. That question could not have been before the court. Whether, even under that statute, the wife can, by assignment, take away the rights of the children we need not inquire. It is probably sufficient to say that she may assign her own rights, whatever they may prove to be.

Considering, then, the language of this contract, and also the object of such insurance, we are of opinion that Bessie Gross had, in her lifetime, an interest in the contract to the extent of one-third (subject probably to be diminished in extent by the birth of other children); that such interest would pass to personal representatives; that such interest was, of course, subject to be defeated if Rica Traub survived Veis Traub, and that the plaintiff, as asignee of Carrie Van Schaick and Henrietta Heinzel, administratrix, is not the holder of the said one-third interest.

Judgment reversed, with costs, and judgment for defendant rendered, with costs.

LANDON, J.:

I am not without doubt as to the conclusion reached by the presiding justice. The propositions that when the wife died her children were, by the terms of the policy, substituted in her place; that no substitution could precede that event; that no right to substitution attached until the wife died, and, therefore, the dead child could not be substituted, nor her children or representatives, since neither were named in the policy, strike my mind with force.

Nevertheless, all the children might die first, the wife next and the husband last, in which case there would, if the rule of the Special Term prevailed, be no payee; and because a construction ought to be given the policy which would, in the contingency supposed, avoid such a result, I concur, not without hesitation.

Judgment reversed, and judgment for defendant, with costs.