JOSEPH BENJAMIN DIMMICK, AS TRUSTEE UNDER THE WILL OF JOSEPH BENJAMIN, DECEASED, RESPONDENT, v. C. GODFREY PATTERSON, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Will — when a remainder, in the absence of words of present gift, does not vest.*

Joseph Benjamin, by his will, directed that his residuary estate should be divided into three parts, the income of one of which he gave to his daughter for life, and of another to his son until he arrived at the age of thirty years, when the testator gave him one-half of his share absolutely, and the income of the remaining half was given to the son until he reached the age of forty, when he was to receive the principal thereof. The will made special provision in the event that the son should die before his share had vested in him, partially or wholly.

The remaining third of the residuary estate was given to the testator's wife for life; and it was directed that, after her death, her share should be equally divided, and one-half thereof should be added to the share of the son and one-half to the share of the daughter, the share of each to be governed by the same provisions as were contained in his will respecting the shares of the son and of the daughter.

The son, who lived to be over forty years of age, but died before his mother, had assigned, before his death, his interest in his mother's share of the estate to C. Godfrey Patterson, who, upon her death, claimed an absolute right to one-half of the mother's share.

In an action brought to obtain a construction of the will:

*Held,* that Patterson did not obtain any right because the son's interest in his mother's share, which was controlled by the provisions regarding his own share, gave to the son a contingent and not a vested interest.

That there were no words of present gift to the son, nor any words implying such a gift.

That the general intention of the will was that his share was not to vest until he was entitled to receive the principal.

That, in order that his share should vest in him, it was necessary not only that he should reach the age of forty but also that he should survive his mother.

Appeal by the defendant C. Godfrey Patterson, from so much of a judgment, entered in the office of the clerk of the city and county of New York on the 20th day of July, 1892, as directed that one-half of the net balance of the trust fund therein mentioned as belonging to the estate of Joseph Benjamin, deceased, be distributed, according to the interlocutory judgment entered herein, on the 17th day of May, 1892, among the surviving heirs of Joseph R. Benjamin, deceased ; and from so much as directed that one-half of the said net balance be distributed among said heirs in the following proportions, that is to say, to the infant defendant Martha S. Benjamin a one-third part thereof ; to the infant defendant Lucy S. Benjamin a one-third part thereof ; to the infant defendant Bessie H. Benjamin the remaining one-third part thereof ; and from so much as directed Joseph Benjamin Dimmick, the trustee therein mentioned, to pay over the shares apportioned to the said infants, as aforesaid, to the Farmers' Loan and Trust Company, the general guardian of said infants, upon the general guardian furnishing security, as therein prescribed, with notice of an intention to bring up for review, upon the appeal, the interlocutory judgment of said court, entered in the same clerk's office on the 17th day of May, 1892.

The action was brought to obtain a construction of the will of Joseph Benjamin, and was tried before the court at the New York Special Term. The answer of the defendant C. Godfrey Patterson, the appellant, alleged, among other things, that, in 1884, Joseph R. Benjamin, the son of Joseph Benjamin, the testator, assigned to the said C. Godfrey Patterson, for value, the interest of Joseph R. Benjamin in his mother's residuary share of the estate, and that Joseph R. Benjamin died in the year 1885.

The third clause of the will of Joseph Benjamin related to the residuary estate and was as follows :

*Third.* All the rest and residue of my estate, real and personal, and wheresoever situate, I direct shall be divided by my said executors into three equal parts, as nearly as can be ; and to my said wife, during her natural life, I give, bequeath and devise the rents,

issues, profits and income of one of the said parts, and to my said daughter, during her natural life, I give, bequeath and devise the rents, issues, profits and income of one other of the said parts, and at the death of my said daughter I give, bequeath and devise the said last-mentioned part to her heirs and assigns forever, and to my said son, until he shall attain the age of thirty years, I give, bequeath and devise the rents, issues, profits and income of the remaining one of said parts, and upon his attaining said age of thirty years I give, bequeath and devise unto him, and to his heirs and assigns forever, the equal one-half of said part, and the rents, issues, profits and income of the other one-half of said part unto my said son until he shall attain the age of forty years, and upon his attaining said last-mentioned age I give, bequeath and devise the residue of said part unto him, and to his heirs and assigns forever.

In case, however, of his death before the said part shall vest, by the foregoing provisions, in him, either in part or wholly, then I give, bequeath and devise said part, or such portion thereof as may not then have vested in my said son as aforesaid unto his children, if he shall leave any him surviving, and to their heirs and assigns forever; but if he shall not leave any children him surviving, and shall leave a widow him surviving, then I give, bequeath and devise unto such widow, and to her heirs and assigns forever, the equal one-third of said part, and the rents, issues, profits and income of the residue thereof, not as aforesaid vested in my said son, I give, bequeath and devise unto my said daughter during her natural life, and at her death the said residue itself unto the heirs of my said daughter, and to their heirs and assigns forever; and if he die without leaving such widow, or a child or children him surviving, then I give, bequeath and devise the rents, issues profits and income of so much of said part as shall not, as aforesaid, have vested in him unto my said daughter during her natural life, and at her death said part or portion thereof itself unto her heirs, and to their heirs and assigns forever.

*Henry Major*, for the appellant.

*James R. Ely*, for the respondent.

BARRETT, J.

Joseph Benjamin died in 1872. By the third clause of his will he directed the residue of his estate to be divided into three parts. The income of one of these parts he gave to his daughter Lucretia for life, with remainder, on her death, to her heirs and assigns. The income of another of these parts he gave to his son Joseph R. until he arrived at the age of thirty years, upon attaining which age he gave the equal half of said part to Joseph R. and his heirs and assigns forever. The income of the remaining one-half he gave to Joseph R. until he arrived at the age of forty years, upon attaining which age he gave the residue of the part to Joseph R. "and to his heirs and assigns forever." Elaborate provision follows in this third clause for the contingency of Joseph R.'s death, before the said part should vest in him either in part or wholly. In the contingency of his death before such vesting, this part is given to Joseph R.'s children, if he should leave any him surviving, and to their heirs and assigns forever. If he should leave a widow, but no children, another disposition of the part is made; and if he should leave neither widow nor children, there is still another disposition. The income of the third part of the residue Joseph gave to his wife during her life, and upon her death this third part is disposed of by the fourth clause of the will, which brings up the question presented for our consideration. This fourth clause reads as follows :

"*Fourth.* At the death of my said wife I direct that the said part appropriated, as aforesaid, to her use, shall be equally divided, and the one-half thereof be added to the said part appropriated, as aforesaid, to the use of my said daughter, and the other half thereof be added to the said part appropriated, as aforesaid, to the use of my said son, and each be governed and affected in every respect by the provisions of this my will, touching the said last two mentioned parts, respectively, as fully and particularly as if such additions had originally constituted portions of said parts."

Joseph R. Benjamin lived to be forty-five years of age, but he died before his mother, the testator's widow. The appellant's contention is, that upon Joseph R.'s attaining the age of forty years he acquired a vested interest in one-half of this third part, the income of which was so given to his mother for life, and that, consequently, his assignee, Patterson, became entitled, upon her death, to take

and enjoy so much of that one-half as was attempted to be assigned to him.

We cannot agree with the appellant in this contention. It seems to us very clear that Joseph R.'s interest, under this fourth clause, was contingent and not vested. There are no direct words of gift, and none from which a present gift can be implied. The intention of the testator is apparent throughout. As to the part first appropriated for the use of Joseph R. the intention is not left to inference or implication. It is expressed in plain language, namely, that such part shall *not vest* until he attains a certain age. Thus the vesting was to take place only when he became entitled to receive the principal of the part. In case of his death before that time the part was to go to his children. If he had no children, it was then to go as directed in the latter provisions of the third clause. The same intent pervades the fourth clause, upon which it will be perceived the third clause is engrafted. Upon the death of the widow, the executors are there, that is in the fourth clause, directed to divide the part previously appropriated to her use, and to add one-half thereof to the part first appropriated to the use of Joseph R., subject, however, to the provisions of the third clause. We are asked to construe this direction to so divide and add upon the death of the widow, as equivalent to a direction to divide and add upon the death of the testator; and as thus effecting a present addition to the part first appropriated to the use of Joseph R., subject only to the life estate of the widow.

Such an interpretation would be contrary to the plain intention of the testator, and contrary also to well-settled rules of construction. The general intent of the testator was, as we have seen, to postpone the vesting until Joseph should become entitled to receive the principal. If he never became entitled to receive such principal, the testator provided most minutely for its disposition. It would be strange indeed if the testator's intention, so clearly expressed in the third clause, were suddenly to change when giving the directions contained in the fourth clause. No such change is suggested in this latter clause. The vesting thereunder is plainly to take place — as in the third clause — when Joseph R. becomes entitled to receive the added principal, namely, upon the death of the widow, and then only upon his attaining the prescribed age. If the widow had died

before he had attained that age, the added part would only have vested when the original part vested, namely, upon his arrival at the prescribed age. The part to be added could not, therefore, have vested in Joseph R. at the death of the testator, nor upon his arrival at the age of forty years in the lifetime of the widow, for the reason that it was not to be added to the original part, nor was it to come under the provisions of the third clause of the will until the death of the widow. The contingency provided for in the third clause is Joseph R.'s arrival at a certain age. That provided for in the fourth clause is the death of the widow, plus the contingency contained in the third clause. This was the testator's intention, and it was in harmony with the rule that, where the only gift is found in a direction to divide at a future time, the gift is future and not immediate. (*Goebel* v. *Wolf*, 113 N. Y., 412; *Warner* v. *Durant*, 76 id., 133; *Smith* v. *Edwards*, 88 id., 92.)

This general rule is subject to the qualification that a contrary intention may be collected from particular circumstances. (*Leake* v. *Robinson*, 2 Mer., 363.) But every circumstance here points to an intention in precise accord with the rule. The gift is not to be severed instanter from the general estate for the benefit of the legatee, as in *Warner* v. *Durant* (76 N. Y., 136), nor do the terms of the bequest *import* a gift, and *also* a direction to pay at a subsequent time, as in *Manice* v. *Manice* (43 N. Y., 369).

Under this will the title was vested in the executors for the purposes of the trust in favor of the widow, and it is only upon the termination of this trust that the remainder is to be divided into two parts and added to the original parts appropriated to the use of the testator's son and daughter. This remainder, to be so divided and added, vested only upon the death of the widow, and, consequently, Joseph R.'s assignment, made prior to his mother's death, conveyed nothing to the assignee.

The judgment appealed from should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.