Surrogate's Court, New York County, September, 1922.     [Vol. 119

borrowing certain sums of money and the pledging of certain securities of the estate.  Section 215 of the Surrogate's Court Act only relates to the power of the court to make direction as to value, manner and time of sale of property.  The conduct of the estate, pledging of securities, borrowing of money, dealing with the assets of the estate in order to bring about a final judicial settlement of the estate is a matter that is entirely invested in the executors. The executor is the personal appointee of the testator and derives his power from the will.  Letters testamentary are only evidence of the power.  If the court attempted to direct executors in such duties the court would become the executor and would be foreclosed upon a final accounting to hear objections urged against the acts of the executors.  It is my universal practice not to advise executors in such matters.  In this estate the executors have not filed an inventory of all the assets of the estate and the court has not been placed in the position of having full knowledge of the accurate condition of the assets and liabilities of the estate.  However willing the surrogate may be to aid the executors in the administration of an estate it is presuming too much to seek his advice and approval of acts of executors which may be subject to his consideration upon a final accounting.  An order in a matter of this character is not justified by precedent, nor is the procedure orderly.

Ordered accordingly.

---

In the Matter of the Estate of WILLIAM H. STRIKER, Deceased.

Surrogate's Court, New York County, September, 1922.

**Wills — construction — bequest to children per stirpes — intent to provide for issue of deceased children given effect.**

A will provided as follows: " At the death of my daughter Anna, if she survive me, I give and bequeath the share held in trust for her to my children then living (except the issue of said Anna) in equal shares, *per stirpes* and not *per capita*."  Throughout the will the word " children " was used at all times in its primary sense.  *Held,* that supplying an omission in aid of construction the clause should be read as follows: " At the death of my daughter Anna, if she survive me, I give and bequeath the share held in trust for her to my children then living, and the issue then living of my children then dead (except the issue of said Anna) in equal shares *per stirpes* and not *per capita*."

Anna being dead, the remainder goes to the issue of the deceased sons and daughter of the testator *per stirpes* and his only surviving child.

PROCEEDING for construction of a will.

*Guerney & Guerney,* for petitioner.

*Richard J. Morrison,* special guardian.

MATTER OF WILLIAM H. STRIKER. **287**

Misc. 286]     Surrogate's Court, New York County, September, 1922.

COHALAN, S.  A life estate has fallen in and because of the ambiguity of the will a question of construction is presented to the surrogate.  The clause for consideration reads as follows: " At the death of my daughter Anna, if she survive me, I give and bequeath the share held in trust for her to my children then living (except the issue of said Anna) in equal shares, *per stirpes* and not *per capita*."  Anna is dead.  Her issue we cannot, by the undisputed terms of the will, be concerned with, but the question is whether all of such remainder goes to the only surviving child of the testator, a son, Walden B. Striker, or whether the various issue of the other deceased sons and daughters share *per stirpes* with him.

It is a nice question.  Here is language which is neither explicit nor free from doubt.  The court is, therefore, charged with the duty of discovering the intent of the testator as collected from the whole will and applying the same to the doubtful provisions. *Goebel* v. *Wolf*, 113 N. Y. 405, 412.

Searching for light within the four corners of the document we find that throughout the will the word " children " is used at all times in its primary sense but that clearly and unequivocally the testator's intent is always to provide equally (excepting for Anna and her issue) for his children and *their issue*.

Applying such intent so gleaned, and it is a reasonable and natural intent, to the clause in question, we perceive at once the *lapsus calami*.  Supplying the obvious omission, using the phraseology elsewhere employed by the draftsman and reading as follows: " At the death of my daughter, Anna, if she survive me, I give and bequeath the share held in trust for her to my children then living, *and the issue then living of my children then dead* (except the issue of said Anna), in equal shares *per stirpes* and not *per capita*," we have a clear and logical clause harmonious within itself and in relation to the rest of the document and reflecting the clear intent of the testator as manifested throughout the will.  There is ample authority to sustain such method of supplying an omission to aid construction.  *Walter* v. *Ham*, 68 App. Div. 381, 388; *Phillips* v. *Davies*, 92 N. Y. 199, 204; *Roe* v. *Vignut*, 117 id. 204.  Thus the issue of the deceased sons and daughter share *per stirpes* with the only surviving child, the son Walden B. Striker, and thus is the intent of the testator carried out.  The original affidavit of services of the special guardian is not with the papers.  Supply it and submit a decree construing the will in accordance with this opinion.

Decreed accordingly.