## GEISSE et al. v. BUNCE et al.

(Supreme Court, Appellate Division, First Department.   December 10, 1897.)

WILLS—CONSTRUCTION—VESTING OF INTERESTS.

By a deed executed in 1855, and another executed in 1862, one B. conveyed certain real property in trust to receive and apply the net rents and profits to the use of E. and S., her two daughters, for life, and, after the death of the survivor, to sell the property and divide the proceeds among the then living issue of the life beneficiaries, if any; otherwise, in four equal shares, among N., A., W., and "the children of C." S., the survivor of the life beneficiaries, died in 1896, and neither she nor E. left issue. Prior to that date, A. and W. had died. N. died subsequently thereto. C. had three children living at the date of execution of the trust deeds, two of whom died prior to 1896, and one survived. *Held*, that no interest in the proceeds vested until the death of S., and that accordingly the shares of A. and W. lapsed, that of N. went to his executors, and the remaining one to the surviving child of C.

Appeal from special term, New York county.

Action by Bella Geisse and others against George W. Bunce, individually and as executor, etc., and another, impleaded with others. A judgment was entered, from which defendant Bunce and another appeal. Modified.

The action was brought for the construction of two certain trusts, for instructions in executing the same, and for the settlement of the trustee's accounts. By deed executed in 1855, Cynthia A. Bunce conveyed to Nathaniel R. Bunce the premises No. 44 Orchard street, in the city of New York, in trust to receive the rents and profits, and apply the same, after payment of necessary expenses, to the use of her daughters, Elizabeth M. Bunce and Sara F. Bunce, during their joint lives and the life of the survivor. After the death of the survivor, the trustee was directed to sell the property, and, in case neither beneficiary left any issue surviving her, to "pay and divide the said proceeds of the above-granted premises as follows, that is to say: One equal fourth part to the said Nathaniel R. Bunce, one equal fourth part thereof to Augusta L. Romer, one equal fourth part thereof to William F. Geisse, and the remaining one equal fourth part thereof to the children of Chauncey D. Bunce." In 1862 said Cynthia A. Bunce conveyed to the same trustee the premises on the northwesterly corner of Forty-Fifth street and Sixth avenue, in the city of New York. This deed was made upon the same trusts as the previous one, and, so far as concerns the questions to be considered, was identical in all respects. Sara F. Bunce, the last surviving life beneficiary, died in 1896. Augusta L. Romer and William F. Geisse both died prior thereto. But Nathaniel R. Bunce survived her, dying after the commencement of this action. Chauncey D. Bunce had three children living at the date of the execution of the trust deeds, two of whom died prior to Sara F. Bunce; the only one surviving her being the appellant George W. Bunce. The plaintiff Francis C. Reed is substituted trustee of the trusts. The other plaintiffs are the residuary legatees of Sara F. Bunce. The court below held that, upon the execution of the trust deeds, Nathaniel R. Bunce, Augusta L. Romer, William F. Geisse, and the then living children of Chauncey D. Bunce took vested interests in the proceeds of the real estate, which were devisable and descendible, and gave judgment accordingly.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. R. Spooner, for appellants.

William H. Reed, for certain respondents.

Benjamin N. Cardozo, for respondent Wilhelmina Bunce and another.

James T. McMahon, for respondent executors of Nathaniel R. Bunce.

BARRETT, J. We think the learned judge at special term erred in treating this case as though a legal life estate had been created in the two daughters of Cynthia A. Bunce, with a vested remainder to their children, and with a contingent remainder to the other individuals specified. Instead of this, the whole title was vested in the trustee during the joint lives of Elizabeth M. Bunce and Sara F. Bunce, and the life of the survivor. After the death of the survivor, he is directed to sell the land, and divide the proceeds equally between the then living children of these life beneficiaries, and the issue of such of said children as may have died before the death of the survivor, leaving issue. In case of the decease of both of the life beneficiaries without leaving issue surviving the survivor of them, then the trustee was directed to pay and divide the proceeds equally between Nathaniel R. Bunce, Augusta L. Romer, William F. Geisse, and the children of Chauncey D. Bunce. There is no direct gift to these latter individuals, and it is well settled that, where the only gift or devise of property is contained in the implication resulting from a direction to pay or divide at a future time, futurity is annexed to the substance of the gift, and no title or interest vests until the arrival of the specified period. This doctrine plainly applies here to each of the three individuals named in the direction to pay and divide. It applies with additional force to the one-quarter payable to the children of Chauncey D. Bunce, for there another rule re-enforces the first, namely, that, where the direction is to pay to and divide among a class, only those persons who are members of the class at the date fixed for distribution take, and their interests do not vest until that period. Ample authority for both rules will be found in the following cases: Delaney v. McCormack, 88 N. Y. 174; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; Matter of Baer, 147 N. Y. 348, 41 N. E. 702. In order that the interest of the beneficiary may vest at once, there must be, in addition to the direction to the trustee, either express words of gift, or circumstances from which may fairly be inferred an intention to appropriate at once the subject of the gift to the use of the beneficiary, although the full enjoyment thereof is postponed to a later date. Warner v. Durant, 76 N. Y. 133; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Tienken, 131 N. Y. 391, 30 N. E. 109. There are absolutely no circumstances here making the general rule inapplicable, and bringing the exception into play. There are, on the contrary, two circumstances which make the general rule apply with particular force. At the time of the execution of the trust deeds the property was not even in existence, in the form in which it was ultimately to reach the beneficiaries, and during the whole continuance of the trust a contingency existed which rendered it uncertain whether they would ever take it all. The first circumstance was alluded to in Vincent v. Newhouse, 83 N. Y. 511, and particular force was attributed to the latter in Delaney v. McCormack, 88 N. Y. 183. If the rule were not applied here, it might well be thought to have no substantial existence at all. It follows that no interest in the proceeds derivable from the sale of the trust property vested until the death of Sara F. Bunce. As Mrs. Romer and Mr. Geisse predeceased her, their shares in these proceeds lapsed, and passed, under the residuary clause in the will of

Cynthia A. Bunce, to Elizabeth M. Bunce and Sara F. Bunce. The plaintiffs Bella Geisse and Nellie Geisse are entitled to one of such shares (one-half to each), as the residuary legatees of Sara F. Bunce, and the appellant George W. Bunce to the other share, as residuary legatee of Elizabeth M. Bunce. Of the remaining two shares of the proceeds to be derived from the sale of the trust property, one goes to the executors of Nathaniel R. Bunce, who, being alive at the time of the death of Sara F. Bunce, took under the provisions in the trust deeds, and the other to George W. Bunce, as the sole child of Chauncey D. Bunce, who survived the trust term. The other provisions of the judgment seem to have been entirely proper, and to have met with the approval of all parties.

The judgment appealed from should be modified as indicated, and as so modified affirmed, with costs to all parties who filed briefs in this court, to be paid out of the fund. All concur.