MARY PAGET and Others, as Trustees, Plaintiffs, *v.* ELLEN S. MELCHER and Others, Defendants.

*Deed — a direction to a trustee to convey is not a present gift — will — a declaration, that personal property shall "belong" to children, conveys a vested devisable remainder — how far a subsequent gift over by way of substitution modifies it — the Special Term cannot alter the conclusions of a referee appointed to hear and determine an action of partition.*

A direction, contained in a deed of trust, that the rents and profits of certain premises be paid to the wife of the grantor during her life, and upon her death to him, should he survive her, and that, after the death of the survivor of the parents, the trustee should convey the premises to the children of the grantor in fee — the issue of any child who should have died leaving issue at the death of the survivor of the parents to take the same share which their parent would have taken if living — contains no words of present gift, and final distribution must be made among those persons who constitute the class at the time when the division is directed to be made.

Where the will of a testator declares that, after the death of his wife, his personal property "shall belong to my (his) children, the descendants of any deceased child to take the share their parent would have taken, if living," the children living at the testator's death take remainders which vest at once and are devisable; and a subsequent provision of the same clause that "if no descendants of mine survive my said wife, then my property shall belong and be delivered over by my executors to the same persons named as residuary legatees in case of such failure of descendants, in the next clause of this will, and in the same proportions," does not postpone the vesting of the remainders already created by the express words of the gift, but is merely a gift over by way of substitution, upon the contingency of an absolute failure of issue of the testator at the time of the death of his widow.

VAN BRUNT, P. J., and RUMSEY, J., dissented.

*Semble,* that where the issues in an action of partition have been referred to a referee to hear and determine, and he has made an interlocutory report fixing the respective shares of the property to be partitioned, to which each of the parties is entitled, and directing a certain judgment to be entered, the direction of the court as to the entry of judgment (required in the first department) must conform to that contained in the referee's report, and the Special Term has no power to modify such direction of the referee.

MOTION by the plaintiff, Mary Paget, and by the defendants, The Union Trust Company and others, for a new trial made upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, an interlocutory judgment having been entered in the office of the clerk of the county of New York on the 8th day

of July, 1897, upon the decision of the court rendered after a trial at the New York Special Term.

The facts are stated in the dissenting opinion of Judge RUMSEY.

*F. R. Minrath,* for the plaintiffs.

*F. B. Candler,* for the administrators of Henry L. Stevens.

*J. Albert Lane,* guardian *ad litem* for infant defendants, for the motion.

*George Zabriskie,* for the defendant Ellen S. Melcher, opposed.

PATTERSON, J.:

I concur in so much of the opinion of Mr. Justice RUMSEY as relates to the construction of the deed of trust and the extent of the interests acquired by the *cestuis que trust* thereunder; but I am not able to concur in the views expressed by him concerning the personal property that passed under the will of Paran Stevens. The difference between the provisions of the deed and those of the will is striking. In the deed there are no present words of grant to the children of Paran Stevens; under the will the bequest was distinctly to them after the life estate in their mother. The words used in the deed annex futurity to the grant; those used in the will indicate a present gift. Upon the decease of the testator's wife, the personal property, he declares, "*shall belong* to my children, the descendants of any deceased child to take the share their parent would have taken, if living." It is not and cannot be claimed that, if the provision ended there, there would not be an absolute vested remainder in the three children of the testator in equal parts. But the will proceeds to provide as follows: "And if no descendants of mine survive my said wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees in case of such failure of descendants in the next clause of this will and in the same proportions."

The effect of this gift over is not to postpone the vesting in interest of the remainders created by the express words of the gift, limited upon the particular estate. It is unnecessary to go further than the statute to determine that the remainders vested. They so vest (1 R. S. 723 § 13) when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing

of the intermediate or precedent estate. Is it to be questioned that if Mrs. Stevens, the widow, had died before her son, Henry Leiden Stevens, the three children of Paran Stevens would have had the immediate right of possession? The test of that right, in connection with the vesting of the remainder, is not the certainty that the remaindermen will take in possession. " A remainder is vested where the interest is fixed, although it may be uncertain whether it will ever take effect in possession. It is the present capacity of taking effect in possession, if the possession were to become vacant, that distinguishes a vested from a contingent remainder." (*Grout* v. *Townsend*, 2 Den. 338.) What is the effect, then, of the gift over in this will? It is not a provision to prevent or postpone the vesting in interest or to throw forward the ascertainment of who shall take as remaindermen to the period of the death of the testator's widow. It is merely an executory gift over by way of substitution, on the contingency of an absolute failure of issue of the testator at the time of the death of his widow. The remainders given to the children are subject to be divested, but only in one event, that is, the total failure of issue of the testator to take the property in possession at the expiration of the particular estate. There is no gift over to any one child; there is no provision for divesting the remainder on the death of any one child before the expiration of the intermediate estate; there is nothing which in any way would indicate survivorship among the children. All that is provided for relates, as clearly as language can state it, to the complete failure of issue of the testator at the time of the death of his widow. The testator contemplated and intended only one event, therefore, in which the remainders should be divested; that was the only condition that could by any possibility defeat the remainders vesting in possession. They must be divested as to all before that result can follow as to either of the interests in remainder. The situation in this case may be illustrated by what was decided in *Skey* v. *Barnes* (3 Mer. 340), where it was held that a devise over upon a contingency does not prevent the shares from vesting in the meantime, provided the words of bequest be, in other respects, sufficient to pass a present interest, although such a devise over of the entirety may be called in aid of other circumstances to show that no present interest was intended to pass. There are no other circum-

stances appearing in this case that would indicate an intention of the testator to postpone the vesting of the remainders in interest until the death of his widow. There was a question of survivorship in the case cited as affected by the nature of the property, but that question is not involved here. The general case was, that personal property was given to trustees upon trusts to pay interest to one person for life; after her death to pay and divide the principal among such life tenant's children and the issue of a deceased child as she should appoint. In default of appointment, to go and be equally divided among the life tenant's children on certain conditions, and if there were no issue, or all should die before their respective portions became payable, then a gift over. It was held that the shares given to the children of the life tenant vested immediately, though liable to be divested by all dying without issue under a certain age; and it was also held that the share of a child so dying was properly payable to its representatives.

There is nothing in the will nor in the surrounding circumstances, so far as we are able to judge from this record, that prevented the vesting of these remainders. They were subject to be divested, all or none. The divesting never has occurred and never can occur, and Henry Leiden Stevens' share in the personal property passed under his will.

I, therefore, think that the judgment should be modified, with reference to the personal property.

BARRETT and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and RUMSEY, J., dissented from the modification of the judgment.

RUMSEY, J.:

This action was brought for the partition of certain property, and after issue had been joined it was referred to a referee to hear and determine. After the trial by the referee an interlocutory judgment was entered fixing the shares of the property to be partitioned to which each of the respective parties to the action was entitled and directing a sale. After the entry of that judgment this motion for a new trial was made pursuant to the authority of section 1001 of the Code of Civil Procedure. Before proceeding to the examination of the questions presented by this record it is proper to call attention to what we conceive to be a serious error in practice into which the parties have fallen. The action was referred to a referee

to hear and determine, and his report was made directing the judgment to be entered. In that case the report stands as the decision of the court (Code Civ. Proc. § 1228), and by the provisions of that section the clerk was required to enter judgment upon it when its form has been settled by the referee. Although it has been deemed necessary in this department that there should be a direction of the court for the entry of the judgment, yet, when entered, it must be the one directed in the report of the referee; and the court, at Special Term, when a motion is made for leave to enter the judgment, has no power or authority to give directions which shall require the entry of a judgment substantially different from that prescribed in the report of the referee. (*Kennedy* v. *McKone* [No. 2], 10 App. Div. 97.) The judgment to be entered upon this report is to be reviewed in the same way as one entered upon a decision of the court, for the report has the same effect precisely as such decision. The manner in which it is to be reviewed is prescribed in section 1022 of the Code, and no authority is given to the court at Special Term to change or alter the directions given by the referee as to the entry of judgment. The application for judgment upon the report, which is made to the court at Special Term, is not for the purpose of a review of the correctness of the findings of the referee, but simply to furnish an assurance of regularity in the manner of entering the judgment and to enable all parties to know that the judgment as entered conforms to the one directed in the report. There was, therefore, no authority in the Special Term to modify the conclusions of law found by the referee so as to enter a different judgment than that directed in the report. All parties seem, however, to have acceded to this practice and appear without objection before the court, and no motion has been made to set aside the judgment for irregularity; and for that reason it is not necessary to further consider the point of practice.

The action was brought to partition not only certain real estate situate in the State of New York, but also other real estate in the State of Rhode Island, and certain personal property. The real estate in the State of Rhode Island was by consent withdrawn from the purview of the action, and no judgment was had concerning it, the only property which is now involved in the litigation being the real estate in this city and the personal property. The real estate

belonged to Paran Stevens, who, on the 29th of April, 1863, con-
veyed it to Charles G. Stevens upon certain trusts. These trusts
were to receive the rents and profits, and after payment of certain
expenses to pay the remainder of the income to Marietta Stevens,
the wife of Paran Stevens, during her life, and upon her death, if
Paran Stevens survived her, to pay the income to him, and " upon
the death of the survivor of the said Paran Stevens and Marietta
Stevens to convey the said lands and premises to the children of
the said Paran Stevens in fee, the issue of any child of the said Paran
who shall have died leaving issue living at the death of the sur-
vivor of the said Paran and Marietta, to take the same share the
parent would if living." At the time of making the deed there were
living three children of Paran Stevens. Marietta Stevens survived
her husband Paran. Before the death of Marietta Stevens, Henry
L. Stevens, one of the children of Paran Stevens, died without
issue, leaving, however, a will by which he devised all his property,
including, of course, whatever interest he may have had in this
real estate, to a trustee, in trust for his sister, Mary Paget, who
claimed, by virtue of this devise, to be entitled to one-third of this
estate after the death of her mother, Marietta Stevens. The defend-
ant Ellen S. Melcher claimed, on the contrary, that by the terms of
the deed no title to the land vested in any of the children during
the lifetime of Marietta, but that it was the duty of the trustee, at
the determination of the life estate, to convey the land to those per-
sons who at that time should answer the description of children of
Paran Stevens; and that as such persons were only Mary Paget and
herself, each of them was entitled to one-half of said premises and
Mary Paget took nothing under the deed of Henry Leiden Stevens.
The plaintiffs' contention was adopted by the referee, but upon the
hearing at Special Term his conclusions were modified by the court
and judgment was entered in accordance with the claim made by
the defendant; and the question presented upon this branch of the
case is whether the judgment as thus entered was correct.

The deed contains no grant to the children of Paran Stevens.
Their only right to the property arises from the direction contained
in the deed that the trustee shall convey to the children of Paran
Stevens in fee. The deed, then, is to be construed in accordance
with the rule that, where final distribution is to be made among a

.class, the benefits must be confined to those persons who constitute the class at the time when the division is directed to be made. (*Matter of Baer*, 147 N. Y. 348, and cases cited.) It is not necessary to consider the precise nature of the interest taken by the members of the class before the time for division arises. Whether the remainder be contingent, or a vested remainder in those persons who shall constitute the class at any given time, subject to be divested by the death of any one of those persons before the time for distribution arises, is a matter of no particular importance. It is sufficient for the purposes of this case to say that the general rule is well established that the property when divided is to go to those persons who shall compose the class at the time when the division is to be made. (*Clark* v. *Cammann*, 14 App. Div. 127; *Geisse* v. *Bunce*, 23 id. 289.) That this rule should be applied in the case at bar is made the more manifest from the words of the deed which immediately follow those above quoted and which direct the grantee, if there shall be no issue of Paran at the time of the death of the survivor of the persons entitled to the income for life, to convey the land to the heirs at law of Paran Stevens, thus clearly indicating the intention of the grantor that no child should take under the deed so long as either of those entitled should live. Many exceptions to this rule are reported in the books, but an examination of each one of them will show that the rule itself has not been overthrown or attacked, but that the exception in each case is based upon particular circumstances, and an intention that the general rule should not control was inferred, either because there was an express gift to the persons who were to share after the determination of the life estate, so that the share of each one of them was vested at the time of the testator's death, or there were such expressions of intention in the will that it necessarily followed that the persons constituting the class took a vested interest at the death of the testator. It is not necessary to cite the numerous cases showing this exception. As indicating the reasons upon which the exception is based, we may cite the cases of *Goebel* v. *Wolf* (113 N. Y. 405); *Campbell* v. *Stokes* (142 id. 23), and *Smith* v. *Edwards* (88 id. 92). The last case, although applying the rule to the will therein construed, contains a discussion of the whole subject, showing the reasons on account of which an exception to the general rule may be said to exist in any particular case. But in

this case we look in vain for any expression in the deed from which it can be claimed that this estate is taken out of the general rule laid down in the cases first cited above. The rule, therefore, must apply, and it requires us to conclude that the construction placed upon the deed by the learned referee was not correct, but that the judgment as modified at the Special Term properly fixed the interests of the parties who were entitled to this estate in remainder — if it may be so called — and properly gave one-half of the estate to the plaintiff and the other to the defendant Ellen S. Melcher.

The action was brought not only for the partition of this real estate, but for the division of certain personal property which Paran Stevens had bequeathed to his wife for her life, and to certain of his children after her death. The question presented is practically the same as that presented upon the construction of the deed, although it arises in a different manner and upon a consideration of an entirely different phraseology and requires separate examination. By the 3d and 4th clauses of his will Paran Stevens gave to his wife, Marietta Stevens, for her life, certain personal property which is the subject of this action. At the time of his death he left three children, one of whom, Henry Leiden Stevens, died before the death of Marietta Stevens, as stated above. The will provided as follows : " Upon the decease of my said wife, the property by this and the preceding clause devised, shall belong to my children, the descendants of any deceased child to take the share their parent would have taken if living ; and, if no descendants of mine survive my said wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees in case of such failure of descendants, in the next clause of this will, and in the same proportions." The words " shall belong " in this bequest operate as a direct gift to the children of Paran Stevens. The presumption in such cases is that the testator intends that such a gift shall take effect either in enjoyment or interest at the date of his death, and such words will be construed as relating to the time of his death unless a contrary intention appears. (*Nelson* v. *Russell*, 135 N. Y. 137.) The effect of this bequest, therefore, would be to give an indefeasible vested remainder in the personal property to each one of the children of Paran Stevens who answered that description at the time of his death, unless a con-

trary intention is made to appear in the will, and, if that appears, it is the duty of the court to carry it into effect. (Gen. Laws, chap. 46, § 205; Laws of 1896, chap. 547.) An examination of the will makes it quite clear, we think, that such an intention does appear. The very words of the bequest over necessarily include such an intention. The bequest is to the children and the descendants of any deceased children, and it is followed by a provision that if no descendants of his survive his wife, the property shall go over to those "relatives" who are entitled to the residue under the will. It is quite clear from this that the testator intended that the only persons who should be benefited by that provision were those of his relatives of the various classes named who should be living at the death of his wife, and that the persons who would finally be entitled to the remainder could not be determined until the death of the wife, because until she dies it cannot be known whether any of the descendants of Paran Stevens will be living at that time, and, unless they are living, the bequest to the children and their issue entirely fails. Under no circumstances could the gift to the children take effect in possession until the life estate is ended. It cannot be ascertained, therefore, at the death of any one of the children during the lifetime of Marietta whether an indefeasible interest in this property has vested in him, but that remains to be determined only when Marietta Stevens shall have died; because up to that time it is uncertain whether any descendants of the testator will survive her, and if no descendants of his survive her, then the estate over takes effect. In view of this condition of affairs there could be no vesting of an indefeasible title to the remainder of this estate so long as she lived, and the necessary result is that such title could only vest in the children or in the descendants of those children who answered that description at the time of the death of the life tenant.

It has been said that the words "shall belong" indicate an intention to give. This undoubtedly is the case, but at the same time it is worthy of notice that, where the testator makes an immediate gift to take effect in interest at the time of his death, he uses the usual words "give and bequeath;" but where he makes a gift which is not to take effect at that time, but subsequently, and upon the failure of a life estate, he uses the words "shall belong" or "are to belong." It may not be of any particular importance, and yet the use of the

two separate phrases may be remarked upon as indicating that the testator, in the use of one set of words, had a somewhat different intention from what he had in the use of the other. It is unnecessary to consider specially all the provisions of the will of Paran Stevens, but it is sufficient to say that an examination of the will discloses a well-defined scheme on his part that his property shall go in the first instance to those who are his direct descendants, and that it is only upon the failure of direct descendants that the residuary bequest over shall take effect. This intention is evident as to the property which is given separately to each one of his three children, and in each case a devise over to the residuary legatees, who are collateral relatives only, does not take effect unless there shall be an entire failure of descendants of each of the other children. So long as there is any descendant of any child living at the time when the division must be made, that descendant takes the property, and it is only upon the entire failure of such descendants at that time that the property goes to collateral relatives. This intention is thoroughly well established in the will, and to carry it out requires the interpretation of the 4th clause which has been given in the judgment. We think, therefore, that the direction in the judgment as to the division of the personal property is correct, and that the one-third which is held by the defendant should be divided as directed therein.

The result is that the motion for a new trial should be denied, with costs to the defendant Melcher.

VAN BRUNT, P. J.:

I concur. It seems to me that it is perfectly plain that the testator intended by his will to confer upon his children a vested remainder, subject to be divested by death during the continuance of the intermediate estate.

Motion for new trial denied and interlocutory judgment modified by adjudging that the legatees under the will of Henry Leiden Stevens took one undivided third in the personal property mentioned in the 3d and 4th clauses of the will of Paran Stevens, being the share which said Henry Leiden Stevens would have taken if he had survived the life tenant, with costs to all parties to be paid out of the fund.