(27 Misc. Rep. 674.)

BENTLEY v. GARDNER et al.

(Supreme Court, Special Term, Ontario County. May, 1899.)

JUDGMENT—ENTRY BY CLERK.

    Where the trial court filed a decision directing judgment to be entered on the issues, appointing a referee to compute the amount due plaintiff, and to sell the premises sought to be condemned to plaintiff's lien, and directing that the decree should provide that a judgment might be entered for any deficiency arising on the sale, it was the duty of the clerk, under Code Civ. Proc. § 1228, to enter final judgment in conformity therewith, without any further order of the court, and hence an order containing the substance of the decision, and entered by plaintiff's attorney without application to the court, was unauthorized and unnecessary, and would be vacated as irregular.

Suit by William Bentley against Elisha W. Gardner and others. Motion to vacate an order entered by plaintiff's attorney without authority of court sustained.

Henry M. Field, for plaintiff.
Elisha W. Gardner, for defendants.

DAVY, J. This is a motion to vacate and set aside an order entered herein by plaintiff's attorney in the Ontario county clerk's office on the 29th day of May, 1898, on the ground that its entry was not authorized by the court. The action was brought to foreclose a lien in favor of the plaintiff on the premises described in the complaint, which lien was created by a provision in the deed from the plaintiff to certain of the defendants, who therein agreed to pay to the plaintiff an annuity of $200 a year. The learned judge before whom the case was tried filed his decision stating concisely the grounds upon which the issues had been decided, and directed judgment to be entered thereon. He appointed a referee to compute the amount due on the principal sums stated in the decision, and named the same referee to sell the premises. He also directed that the decree should provide that a judgment might be entered for any deficiency which

might arise upon the sale.    After the decision of the court was handed down, the learned counsel for the plaintiff prepared and entered an order setting forth, in substance, what was contained in the decision, which order was entered without application to the court.    The important question, therefore, which arises upon this motion, is whether the order should be vacated and set aside on the ground of irregularity.    The learned counsel for the plaintiff contends that the order is an interlocutory judgment, and was necessary for the guidance of the referee and the clerk in the performance of their duties.    The rule is that, where a decree disposes of all the issues raised by the pleadings, and leaves nothing for the further consideration of the court, it is to be regarded as final.    The decision of the court in the present case not only settled the issues and rights of the parties, but it gave all the directions necessary to a final disposition of the case. It decided all that was necessary to be determined judicially.    No question was reserved, requiring further judicial action of the court. It gave the referee authority to make the computation and to sell the premises.    It authorized the plaintiff to do every act necessary to perfect the judgment of foreclosure and sale, and awarded costs against such of the defendants as were owners of the equity of redemption, and authorized judgment for any deficiency which might arise upon the sale of the premises.    It was held in Mills v. Hoag, 7 Paige, 18, that "the usual decree in mortgage cases for the sale of property and the distribution of the fund among the parties, and finally disposing of the question of costs, is a final decree, and is constantly enrolled as such, although the master's report of the sale and distribution may be excepted to if erroneous, and it may require a subsequent order of the court to dispose of the questions which may thus arise." Morris v. Morange, 36 N. Y. 172; Wadsworth v. Lyon, 93 N. Y. 218; Wager v. Link, 134 N. Y. 128, 31 N. E. 213; Moore v. Shaw, 15 Hun, 430.    It has been repeatedly held that, if nothing is reserved by the judgment for the court judicially to determine, the judgment is final, although some ministerial act by the referee may be necessary to carry it into effect.    Morris v. Morange, supra.    Springsteene v. Gillett, 30 Hun, 260; Paget v. Melcher, 26 App. Div. 16, 49 N. Y. Supp. 922.    The judgment, when entered, must be the one directed by the decision of the court.    The manner in which it is to be reviewed is prescribed in section 1022 of the Code of Civil Procedure, and no authority is given to the court at special term to change or otherwise alter the directions given by the court as to the entry of the judgment. The docket of the deficiency judgment is merely a clerical act in pursuance of the direction contained in the final decree.    Wadsworth v. Lyon, supra.    Wager v. Link, supra.    Section 1228 of the Code of Civil Procedure makes it the duty of the clerk, on filing the decision of the court, to enter the judgment in conformity therewith without any further order or application to the court, unless the decision otherwise directs.    Clapp v. Hawley, 97 N. Y. 614; Paget v. Melcher, supra.    It is evident that the order entered by the learned counsel for the plaintiff was unauthorized and unnecessary.    The motion, therefore, to vacate the order, must be granted.