(77 App. Div. 261.)

SHRADY v. VAN KIRK et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. REFEREE—REPORT—FILING—ALTERATION.

After a report of a referee directing the sale of certain real estate, but saying nothing as to the manner or terms of sale, has been taken up and filed, he has no power to include in the judgment directed a provision that the property may be sold on certain credit terms.

2. SAME—SALE OF REAL ESTATE—TERMS—PRESUMPTION.

Where the report of a referee, directing the sale of certain real estate, following the terms of a will, was silent as to the methods or terms of sale, it will be presumed that only a cash sale was ordered.

3. SAME—VARIANCE IN JUDGMENT.

Neither under Code Civ. Proc. § 1022, providing for the entering of judgment on the report of a referee, and for a review thereof in the ap-

pellate division, nor elsewhere, is there anything authorizing the court to enter judgment at material variance with the directions of the referee; and therefore the court at special term has no authority to enter a judgment authorizing sales of real estate on credit when from the report of the referee it is to be presumed that only cash sales were contemplated.

**4. SAME—CORRECTION—METHOD.**

Where a judgment of the court at special term is at material variance with the report of the referee, the proper method of correction is by motion in such court.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by George F. Shrady against Anna V. Van Kirk and others. From an order denying a motion to correct, on account of certain irregularities, a judgment entered on the report of a referee, plaintiff appeals. Reversed.

The action was brought by a beneficiary under the will of Maria Shrady, deceased, to compel the sale of a large amount of realty, for the removal of trustees, a settlement of their accounts, and other relief. The issues in the action were referred to a referee to hear and determine. His report was made on October 10, 1901, and filed in the office of the clerk on November 6, 1901. That report directed that the testamentary trustees should sell all such realty at public auction, but whether for cash, on bond and mortgage, on credit, or otherwise than cash, did not appear in such report. Subsequently, upon notice, the referee, on January 11, 1902, approved a judgment, as to form, wherein it was provided that such real estate should be sold in separate parcels, "with the privilege of allowing 60 per cent. of the purchase money to remain on bond and mortgage for two years." A motion was then made to confirm the report of the referee and for entry of judgment, and the court at special term directed the entry of judgment in conformity with the form of judgment approved by the referee, which contained the provision quoted,—that, upon the sale of the property, 60 per cent. of the purchase money should remain on bond and mortgage for two years. Thereafter plaintiff moved to strike out this and three other provisions in the judgment upon the ground that they were unauthorized and irregularly and improperly inserted, which motion was denied, and from the order so entered the plaintiff appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Barclay E. V. McCarty, for appellant.
S. B. Brownell, for respondent Archibald Shrady and others.
Louis F. Doyle, for respondents Van Kirk.
Jacob Shrady, for respondents John and Jacob Shrady.

O'BRIEN, J. The principal question for our consideration is as to the right and power of the special term, after a reference to hear and determine, to insert the provision permitting the sales upon bond and mortgage. Incidentally the question of practice arises,—as to whether such a provision, if improperly inserted, can be stricken out on motion, as an irregularity, or whether the plaintiff's remedy is not by appeal from the judgment. While the case was pending, and the referee had jurisdiction over the action, he had the right, in connection with the making of his report and decision, to settle the form of the judgment; but, after the report had been taken up and filed, the referee was functus officio, and had no further jurisdiction for the purpose of deciding any issue involved in the action. If we are

right in this view, we are not aided in our consideration of the main question by the approval of the referee, two months after his report was filed, as to the form of the judgment, but must view the question precisely as though the referee, having the right to determine such form, had neglected to do so. The question therefore narrows down to whether, upon the motion to confirm the report and settle the form of judgment, the court had the power to insert the provision allowing sales on bond and mortgage.

In Vagen v. Birngruber, 9 N. Y. St. Rep. 728, it was said:

"The action being for equitable relief, the final judgment should have been a decree of the court, settled by the court, and entered upon its direction; the referee who tried the case not having reported the form of decree to be entered. Section 1228 of the Code in no way conflicts with this practice."

Here, however, the sales were to be made by testamentary trustees, and therefore necessarily under the provisions of the will; and the will directed a sale of the realty, but was silent as to whether it was to be sold entirely for cash, or on credit, or otherwise than for cash. This being the situation, we think the general rule is applicable that the failure to authorize a sale on bond and mortgage raises the presumption of an intention that the property should be sold for cash. Where a testamentary disposition has been made, directing the sale of realty, the invariable rule is that the sale shall be absolutely for cash, unless otherwise distinctly specified, and not for bond and mortgage, nor on any credit plan.

Whether this question was considered by the referee is not made to appear, further than that his report does not, in terms, do more than direct a sale of the realty, thus following practically the language of the will; and seemingly, therefore, the presumption would follow that, in his view, the sale should be solely for cash. When the motion was made to the court, therefore, we think it was without power or right to insert the provision essentially different from this, and allowing the sale upon terms permitting the purchaser to give a bond and mortgage for 60 per cent. of the purchase price. As said in Paget v. Melcher, 26 App. Div. 15, 49 N. Y. Supp. 922:

"The action was referred to a referee to hear and determine, and his report was made, directing the judgment to be entered. In that case the report stands as the decision of the court (Code Civ. Proc. § 1228), and by the provisions of that section the clerk was required to enter judgment upon it when its form has been settled by the referee. Although it has been deemed necessary, in this department, that there should be a direction of the court for the entry of the judgment, yet, when entered, it must be the one directed in the report of the referee. The court at special term, when a motion is made for leave to enter the judgment, has no power or authority to give directions which shall require the entry of a judgment substantially different from that prescribed in the report of the referee. Kennedy v. McKone, 10 App. Div. 97, 41 N. Y. Supp. 577. The judgment to be entered upon this report is to be reviewed in the same way as one entered upon a decision of the court, for the report has the same effect, precisely, as such decision. The manner in which it is to be reviewed is prescribed in section 1022 of the Code, and no authority is given to the court at special term to change or alter the directions given by the referee as to the entry of judgment. The application for judgment upon the report which is made to the court at special term is not for the purpose of a review of the correctness of the findings of the referee, but simply to furnish an assurance of regularity in the manner of en-

tering the judgment, and to enable all parties to know that the judgment, as entered, conforms to the one directed in the report. There was therefore no authority in the special term to modify the conclusions of law found by the referee so as to enter a different judgment than that directed in the report."

We have already adverted to the fact that the referee, after he ceased to have control over the action, was of opinion, as appears from his approval of such provision in the form of judgment, that it should be inserted; but this does not aid us, because, as stated, when he expressed such approval he was functus officio, and therefore it is as though he had not attempted to exercise that power. It was the duty of the referee to decide every material question involved in the litigation, and he had no power to relegate or return any such question for decision to the court. The question as to whether, under the terms of the will, the property could be sold otherwise than for cash, involving, as it did, a construction of that instrument, was a material one; and it needs no argument to support the view that the referee could not refuse to pass upon such a question, and then refer it back to the court. There is certainly no provision of law which gives a referee the right to confer jurisdiction on the court to dispose of some untried question which was before him on the reference to hear and determine. It was his duty to try and dispose, as said, of all the material questions; and, upon the return of his report to the court, all that remained was for the court to settle the form of the judgment accordingly. This, however, gave no power to the court to add to or take away from the judgment in a material respect, and the attempt to do so is a clear irregularity.

We have thus reached the conclusion that the court exceeded its power in inserting any such provision in the judgment. The question remains, however, whether the practice pursued by the plaintiff was right, in moving to strike out the provision as irregular, or whether his sole remedy was by appeal from the judgment. Under the authorities to which we have adverted, we think the practice followed was right. As said in Bank v. Blye, 119 N. Y. 414, 23 N. E. 805:

"We think the decisions are uniformly to the effect that when an error has been made in respect to the form of the judgment, by which its scope or amount has been enlarged or increased beyond that plainly authorized by a verdict, referee's report, or decision of a court, a question is not presented for the consideration of the court on appeal, but the error must be corrected, if at all, by motion in the court of original jurisdiction."

It follows, accordingly, that the order appealed from should, in this respect, be reversed.

In regard to the three other alleged irregularities, we need add nothing to what was said by the learned judge in disposing of the motion at special term.

The order appealed from should accordingly be reversed, and the motion granted to the extent indicated, and in all other respects affirmed, without costs to either party on this appeal. All concur, except VAN BRUNT, P. J., who dissents.